

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 8, 2016

**BY ECF**

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

  Re: United States v. Diego Fernando Murillo-Bejarano,
     03 Cr. 1188 (RMB)

Dear Judge Berman:

  The defendant in the above-referenced matter may be eligible for a sentencing reduction pursuant to Title 18, United States Code, Section 3582(c) based on recent amendments to the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") that have the effect in most instances of lowering the Guidelines offense level for a specified quantity of narcotics by two levels. As of November 1, 2014, the Sentencing Commission has expressly made this reduction retroactive, meaning that a previously sentenced defendant whose Guidelines range would have been lower had the existing amendments been in place at the time of his or her sentencing may ask the Court to reduce his sentence, subject to various binding restrictions and disqualifications imposed by the Sentencing Commission.

  The United States Probation Office has prepared a report setting forth its determination about the defendant's eligibility as a legal matter for the two-level reduction in the defendant's Sentencing Guidelines range. The defendant has not yet filed a motion for reduction in sentence. The Government respectfully requests that the Court refrain from taking action until a motion has been received from the defendant. Promptly upon receipt of such motion, the Government will make a submission setting forth its position as to whether: (1) the defendant is eligible for a reduction in sentence based on the Guidelines amendments; and (2) assuming the defendant's Guidelines range has, in fact, been lowered by the amendments, whether the defendant warrants a reduction in sentence and to what extent.

  For the Court's convenience and in advance of submitting its position on the merits of the instant defendant's case, the Government sets forth below the general legal principles that govern Section 3582(c) motions, in general, and motions based on the Commission's latest amendments, in particular.

January 8, 2016
Page 2

Section 3582(c) provides that a district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Section 3582(c)(2) provides, however, for an exception that permits a district court to reduce a sentence where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In order for a reduction to be "consistent with" applicable Commission policy statements, the Commission must have expressly stated that the Guidelines amendment at issue will apply retroactively. *See*, *e.g.*, *United States v. Perez*, 129 F.3d 255, 259 (2d Cir. 1997).

In its recent Amendment 782 to the Guidelines, which became effective November 1, 2014, the Commission lowered the penalties for most drug offenses by reducing most offense levels on Section 2D1.1's Drug Quantity Table by two levels. This amendment affects not only defendants sentenced under Section 2D1.1, but also any defendant sentenced under a guideline that used the Drug Quantity Table in a cross-reference. *See*, *e.g.,* U.S.S.G. § 2D1.5 (CCE); U.S.S.G. § 2S1.1(a) (money laundering). In Amendment 788, the Commission decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates.

The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826-27.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is *eligible* for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determining the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1) (alteration omitted)). If, for any of a number of reasons, the amendment – here, the amendment to Section 2D1.1's Drug Quantity Table – would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing (for example, where the defendant was sentenced as a career offender, or where the bottom of the range was established by a statutory mandatory minimum sentence), then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B). ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range.")

Similarly, as to the *extent* of any possible sentencing reduction, "Courts generally may not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" produced by the amendment. *Dillon*, 560 U.S. at 827 (internal quotation marks omitted). Although, at one time, there was ambiguity over whether a Court might reduce a defendant's sentence to something less than the minimum of the amended

January 8, 2016
Page 3

Guidelines range if the defendant had originally received a departure or variance below his original Guidelines range, the Commission has now made clear that even where a defendant originally received a below-Guidelines sentence, he nonetheless may not have his sentence reduced to one that is below the new, amended range; the sole exception being a defendant who previously received a departure based on substantial assistance. *See* U.S.S.G. § 1B1.10(b)(2)(A) ("Except as provided in subdivision (B) [relating to substantial assistance], the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range[.]"; *United States v. Erskine*, 717 F.3d 131, 137-41 (2d Cir. 2013) (recognizing that current version of Section 1B1.10 prohibits reductions below the bottom of the amended range, irrespective of departures or variances granted at the original sentencing).

"At step two of the inquiry," if the defendant has been determined to be eligible, and the extent of his eligibility has been established, the Court must decide in light of the applicable Section 3553(a) factors whether to grant a reduction "in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.  This decision is committed to the Court's discretion. *See United States v. Mock*, 612 F.3d 133, 137 (2d Cir. 2010) ("If, and only if, a defendant is eligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, then the second step of the analytical framework set forth in *Dillon* requires the district court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.") (internal quotation marks omitted).

                      Respectfully submitted,

                      PREET BHARARA
                      United States Attorney for the
                      Southern District of New York

                By: _/s/David W. Denton, Jr._____
                      David W. Denton, Jr.
                      Assistant United States Attorney
                      (212) 637-2744

cc:     Jennifer Brown, Esq.
          U.S. Probation Officer Maritza Almonte